PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NANNETTE HAYGOOD, ) | |
| ) | CASE NO. 1:12CV0700 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| ACTING COMMISSIONER OF ) | **MEMORANDUM OF OPINION** |
| SOCIAL SECURITY, ) | **AND ORDER RE: AFFIRMING** |
| ) | **COMMISSIONER'S DECISION** |
| Defendant. ) | [Resolving ECF No. 16] |

An Administrative Law Judge ("ALJ") denied Nannette Haygood's application for disability insurance ("DIB") benefits and supplemental security income ("SSI") benefits after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the Magistrate Judge submitted a Corrected Report and Recommendation (ECF No.15) recommending that the Commissioner's decision be affirmed.

---

[1] Michael J. Astrue was the original defendant. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25 (d), Colvin's name has been automatically substituted as a party.

(1:12CV0700)

# I.

When the Magistrate Judge submits a Report, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely

(1:12CV0700)

because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II.

The Court has reviewed the Corrected Report and Recommendation (ECF No.15) of the magistrate judge *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 16) and Defendant's Response (ECF No. 17). The Court finds that Plaintiff's Objections (ECF No. 16) raise no arguments (factual or legal) that have not been fully addressed by the magistrate judge's Corrected Report and Recommendation (ECF No.15). The Court agrees with the magistrate judge that the administrative record contains substantial evidence to support the ALJ's decision that: (1) Plaintiff did not have a "severe" mental impairment; and (2) Plaintiff was capable of

(1:12CV0700)

performing her past relevant work ("PRW") despite the limitations caused by her mental impairment.

The ALJ gave full weight to the opinion of Dr. Herschel Pickholtz, who performed a consultative psychological evaluation of Plaintiff.  Dr. Pickholtz opined that Plaintiff's abilities to maintain attention and perform simple repetitive tasks were mildly impaired at worst. Additionally, Plaintiff's ability to withstand the stress and pressures associated with day to day work activities was, again, mildly impaired at worst.  The Global Assessment of Functioning ("GAF")[2] Determination provides in pertinent part:

> Based upon the procedures established in the DSM-IV TR Manual, the following ratings were assigned.  The severity of the current psychiatric complaints relative to her depression taking into consideration her work activities in addition to her daily activities and her current levels of intellectual functioning and memory as well as her abilities to understand what she reads and sees and to perform her daily activities on a routine and regular basis seemed to place her within the *mild range of impairment* between 61 and 70, probably at the lower end of about 62 at worst. The impact of her current psychiatric complaints relative to socialization seem to fall within the *mild range of impairment* and she's basically having problems getting along with the family members who betrayed her.  The impact of her current psychiatric complaints relative to work functioning taking into consideration pace and consistency, speed and thinking and the intensity of her depression at the present time seem to fall within the *mild range of impairment* between 61 and 70, probably around 62 and she's still able to maintain her part-time position and take care of her chores appropriately.  Therefore, her overall GAF would fall no less than 62.

---

[2] The GAF scale is used to track "the clinical progress of individuals in global terms, using a single measure.  The GAF scale is to be rated with respect only to psychological, social, and occupational functioning." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (rev. 4th ed. 2000).  GAF scores range from 0-100.  A GAF in the 61 to 70 range indicates some mild symptoms (*e.g.*, depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (*e.g.*, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.  *Id.*

(1:12CV0700)

ECF No. 11 at PageID #: 299-300 (emphasis added).[3]

Plaintiff argues that the ALJ should have included these mental limitations in the residual functional capacity ("RFC") determination. ECF No. 16 at PageID #: 585. An individual's residual functional capacity is her ability to do physical and mental work activities despite limitations from impairments. 20 C.F.R. §§ 404.1520(e), 404.1545. In assessing the residual functional capacity of a claimant with multiple impairments, the Social Security Administration considers all her "medically determinable impairments . . ., including . . . medically determinable impairments that are not 'severe.'" 20 C.F.R. § 404.1545(a)(2). A diagnosis of "mildly impaired at worst" does not mean that Plaintiff is disabled. Mildly impaired at worst may very well mean she is not impaired at all, and if she is, only mildly so. Consistent with the findings of his evaluation, Dr. Pickholtz rated Plaintiff's GAF score at 62, indicating only mild psychological symptoms or difficulty with social or occupational functioning.

Upon the undersigned's independent review of the existing record, including Dr. Pickholtz's opinion, the Court concludes that the ALJ's residual functional capacity analysis was reasonable and supported by substantial evidence. The ALJ appropriately limited Plaintiff's residual functional capacity to performing sedentary work that required no exposure to hazards (such as heights and machinery), no concentrated exposure to respiratory irritants (such as fumes, odors, dirts, gases, and poor ventilation), and limited to frequent fingering (fine manipulation).

---

[3] Robelyn Marlow, Ph.D., a state agency psychologist, also reviewed Plaintiff's medical records and assessed that she did not have a "severe" mental impairment. ECF No. 11 at PageID #: 373-86. Dr. Marlow's assessment relied on Dr. Pickholtz's findings because it was Plaintiff's only psychological evaluation. ECF No. 11 at PageID #: 385.

5

(1:12CV0700)

The ALJ did not have to explicitly incorporate in his finding of Plaintiff's residual functional capacity opinions that he considered, as long as he considered the entire record. ECF No. 11 at PageID #: 64. See, e.g., Breeding v. Astrue, No. 2:07CV00066, 2009 WL 963656, at *5 (W.D. Va. April 10, 2009) (ALJ did not explicitly incorporate any overhead restrictions in his residual functional capacity determination). The ALJ spent approximately four pages detailing his findings about Plaintiff's residual functional capacity. ECF No. 11 at PageID #: 64-68. Relying in part on associated inquiries to vocational expert ("VE") Bruce Holderead, who testified at the hearing, the ALJ appropriately concluded that Plaintiff could still perform her past relevant work as policyholder-information clerk, administrative assistant, and secretary. ECF No. 11 at PageID #: 68. Even if the ALJ did err in failing to include these mental limitations in the residual functional capacity determination, that error was harmless. See, e.g., Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001) (Although ALJ's decision denying disability benefits should have included reference to three-page summary of claimant's medical history prepared by her former treating physician, omission of such reference was harmless.).

### III.

Accordingly, the Corrected Report and Recommendation (ECF No.15) of the Magistrate Judge is hereby adopted and the Plaintiff's Objections (ECF No. 16) are overruled. The decision of the Commissioner is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

 April 12, 2013                                       /s/ Benita Y. Pearson
Date                                                  Benita Y. Pearson
                                                      United States District Judge